IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:04CR17-HEH
)
RODDEEKA LOCKETT, )
)
Defendant. )

# MEMORANDUM OPINION
(Granting in Part Defendant's Motion to Reduce Sentence
Pursuant to 18 U.S.C. § 3582(c))

This case is again before the Court on Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c). The present motion is predicated on a recent amendment to U.S. Sentencing Guideline 1B1.10, which empowers a court to reduce a defendant's term of imprisonment when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the U.S. Sentencing Guidelines (the "Guidelines"). U.S.S.G. §1B1.10(a)(1). The immediate request for relief is based upon Amendment 750 now integrated into U.S.S.G. §1B1.10(c). The Defendant argues that he is eligible for a sentence reduction because the Amendment, in effect, lowers his original sentencing guidelines.

Sentencing in this case arose under anomalous circumstances. The Defendant stood convicted of conspiracy to distribute and possess with the intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. § 846. Subsequent to the Defendant's plea of guilty, but prior to his sentencing, the U.S. Supreme Court handed down its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) finding

the State of Washington's sentencing scheme to be unconstitutional. In *Blakely*, the Supreme Court concluded that mandatory sentencing enhancements, based on facts which had been neither admitted by the defendant nor found by a jury, violated the defendant's Sixth Amendment rights. The Defendant in this case was sentenced several weeks prior to the Fourth Circuit Court of Appeals' opinion in *United States v. Hammoud*, 378 F.3d 426 (4th Cir. 2004) (en banc) rejecting the argument that *Blakely* invalidated the Guidelines. Six months later, the Supreme Court found to the contrary, and relying upon its analysis in *Blakely*, declared the mandatory provisions of the Guidelines to be unconstitutional. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

The Defendant here was sentenced in the unsettled period between *Blakely* and *Booker*. Prior to sentencing, the United States probation office filed a Presentence Report, a part of which was the calculation of the Defendant's determinate sentencing guidelines. In that process, the probation officer determined that for relevant conduct purposes, the Defendant should be held responsible for 3.02 kilograms of cocaine base, which elevated his Total Offense Level from 32 to 38. In addition, the probation officer assessed a two level increase for the Defendant's possession of a firearm, bumping his offense level to 40. In the wake of *Blakely*, the Defendant filed a motion urging the Court to find the Guidelines unconstitutional as applied to the Defendant's case.

After a careful reading of *Blakley*, this Court held the Guidelines to be unconstitutional when mandatory enhancements are applied by a court based on its factual findings by a preponderance of the evidence. *See United States v. Lockett*, 325 F.

Supp. 2d 673, 677 (E.D. Va. 2004). The Court concluded by indicating that it "will employ the Guidelines as merely advisory, and will utilize its own, independent judgment in determining the appropriate sentence to impose from within the statutory-prescribed range." *Id.* The Court adopted this course at the Defendant's specific request.

At the sentencing hearing on July 16, 2004, this Court heard evidence, which it found to be credible, but made no specific factual findings. Ultimately, the Court concluded that it would consider the totality of the evidence in deciding what sentence was appropriate. Prior to imposing sentence, the Court reiterated that as requested by the Defendant, it would consider the total circumstances in the case and make an independent judgment based upon the statutory sentencing range. The Court also noted that the Defendant had a prior drug distribution conviction and that his adjustment to prior periods of probation had been unsatisfactory. The Court then imposed a sentence of 240 months.[1]

This is the Defendant's second request for relief based upon amendments to the Guidelines providing for reductions in sentences in certain crack cocaine cases. Defendant filed a previous motion to reduce sentence based on Amendment 706 which was issued on November 1, 2007 and made retroactive effective March 3, 2008. By Memorandum Opinion issued May 26, 2011, this Court denied his motion. That decision

---

[1] In the Statement of Reasons attached to the Judgment and Commitment Order in this case, the Court stated that the Defendant's Total Offense Level was 29, his Criminal History Category was III, and his guideline range 108–135 months. This range was premised on the Court's belief that *Blakely* precluded fact-based enhancements.

The sentence imposed, however, was below the guideline range that would have been applied in 2004 if both the gun enhancement and 3.02 kilograms of crack cocaine were factored into the calculation. This would have resulted in a range of 262–324 months.

was predicated on the fact that the original sentence imposed in his case was not based on the Guidelines.

In his present motion, the Defendant argues that his original sentence was in effect a guideline-driven sentence because the Court reviewed the Guidelines as an advisory tool.

Approximately one month after this Court issued its May 26, 2011 Memorandum Opinion denying the Defendant's motion to reduce sentence, the Supreme Court decided *Freeman v. United States*, 131 S. Ct. 2685 (2011). Admittedly, the precise issue before the court in *Freeman* differs from that in the immediate case. Justice Kennedy's opinion, however, is instructive. Justice Kennedy, writing for the majority, emphasized the remedial significance of "retroactive amendments to the Guidelines for cases where the Guidelines become a cause of inequality." *Id.* at 2690. After acknowledging that amendments under § 3582(c)(2) apply only to sentences based on the Guidelines, Justice Kennedy noted

> In other words, the policy statement seeks to isolate whatever marginal effect the since-rejected Guideline had on the defendant's sentence. Working backwards from this purpose, § 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytical framework the judge used to determine the sentence or to approve the agreement. This is the only rule consistent with the governing policy statement, a statement that rests on the premise that a Guideline range may be one of many factors that determine the sentence imposed.

*Id.* at 2693.[2]

---

[2] In *Freeman*, a deeply divided court concluded that "[e]ven when a defendant enters into [a

4

The unique posture of this case requires the Court to adopt a somewhat awkward retrospective analytical process. In doing so, this Court cannot conclude with any degree of certainty that no consideration was given to the Guidelines in sentencing the Defendant on July 16, 2004. As articulated at the time, the Court utilized the Guidelines as an advisory tool but exercised its own independent judgment based on the totality of the evidence.

A review of the record also reveals that the Court was convinced at that time that but for *Blakely*, both Guideline enhancements recommended by the U.S. probation officer would have been applied. The record supported both by a preponderance of the evidence. This would have resulted in a Total Offense Level of 37, Criminal History Category III, and a guideline range of 262–327 months.

While the ultimate sentence imposed was based on the underlying facts of the case, the Defendant's prior criminal history, and a consideration of sentences imposed in comparable cases, this Court cannot conclude that the Guidelines did not at least provide some gravitational pull in their direction. Therefore, out of an abundance of fairness, this Court will exercise its discretion under 18 U.S.C. § 3582(c)(2) to reduce the Defendant's sentence consistent with the application policy statements issued by the U.S. Sentencing Commission.

Based on the foregoing, this Court will grant the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) and adjust his Total Offense Level to 35,

---

Rule] 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." *Id.* at 2695.

Criminal History Category III, guideline range 210–262 months. After a consideration of the factors set forth in 18 U.S.C. § 3553(a), especially the nature of the offense and the Defendant's prior criminal history, this Court will sentence the Defendant to the custody of the U.S. Bureau of Prisons for a term of 210 months.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 22, 2013
Richmond, VA